*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Conservatorship of IL.

---

THOMAS BRENNAN FRASER,

      Appellant,

v

IL, a legally protected individual, PAUL
LETISSIER, MICHELLE HAIGHT, and RENEE
BOOGREN, TERESE SHELLEDY,

      Appellees.

UNPUBLISHED
May 20, 2026
9:10 AM

No. 375802
Oakland Probate Court
LC No. 2021-399077-CA

---

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

Appellant, Thomas Brennan Fraser, appeals as of right the probate court's order removing him as conservator. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After IL's son, appellee Paul LeTissier, was removed for breaching his fiduciary duties as conservator, the probate court appointed Fraser to replace him.[1] When Fraser was appointed, the probate court had appointed an auditor to review LeTissier's accounts. In light of the audit, the probate court ordered that the bank account used by the conservator be frozen.

The probate court later learned that Fraser's staff had contacted the bank to lift the freeze; he had not sought any relief from the probate court. The probate court realized that there was a genuine concern as to whether IL's needs were being met and wanted to know why Fraser never

---

[1] LeTissier has also appealed his removal in Docket No. 371470. Relatedly, Terese Shelledy appeals her removal as IL's guardian in Docket No. 377144.

asked the court to lift the freeze so he could access its funds and fulfil his duties as conservator. As a result, it scheduled an emergency hearing to address the frozen account. Fraser did not attend the hearing, nor did he inform the probate court he would not be attending. Instead, he reported to other attorneys involved in the case that he would not be attending, telling one that he was not appearing because of his pending motion for disqualification.[2] At the hearing, the probate court removed Fraser as conservator, finding that he was not effectively performing his duties, which required immediate action and appointment of a replacement. Fraser now appeals.

## II. STANDARD OF REVIEW

We review the probate court's decision to remove Fraser as conservator for an abuse of discretion. *In re Conservatorship of Bittner*, 312 Mich App 227, 235; 879 NW2d 269 (2015). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Id*. "However, the probate court's findings of fact are reviewed for clear error." *Id*. "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. at 236 (quotation marks and citation omitted).

## III. ANALYSIS

Fraser argues that the probate court lacked good cause for his removal. We disagree.

Under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, a conservator is a fiduciary. MCL 700.1104(e). In their fiduciary capacities, conservators must observe the standard of care applicable to trustees. MCL 700.5416. One of the conservator's duties is to "expend or distribute money reasonably necessary for the support, education, care, or benefit of the protected individual[.]" MCL 700.5425(b).

Under MCL 700.5414, a probate court "may remove a conservator for good cause, upon notice and hearing[.]"[3] The statute does not define "good cause," so this Court may turn to the dictionary. *Sullivan v State*, 328 Mich App 74, 80-81; 935 NW2d 413 (2019). In doing so, we give the term its plain and ordinary meaning. *Id*. *Black's Law Dictionary* (12th ed) defines the term as "[a] legally sufficient reason." *Merriam-Webster's Collegiate Dictionary* (12th ed) defines it as "a substantial reason put forth in good faith that is not unreasonable, arbitrary, or irrational

---

[2] Fraser had unsuccessfully moved to disqualify the probate court judge earlier in the proceedings. After probate court denied the motion, he attempted to supplement his motion, but the probate court rejected the supplementation because Fraser did not have the right to amend his pleading.

[3] Under MCL 700.5415(1)(d), someone interested in the conservatee's welfare may petition to remove the conservator. Fraser seems to argue on appeal that the probate court impermissibly made itself an interested person under this subsection when it removed him because none of the interested people in this case petitioned for his removal. While it is true that this subsection permits an interested person to petition for removal, this does not mean that an interested person *must* file a petition in order for the probate court to act. There is no language in MCL 700.5414 that limits a probate court's removal authority in such a way.

and that is sufficient to create an excuse for an act under the law." Thus, a probate court may remove a conservator if there is a legally sufficient or substantial reason to do so.

As noted, a conservator must "expend or distribute money reasonably necessary for the support, education, care, or benefit of the protected individual[.]" MCL 700.5425(b). In this case, there was a genuine concern that IL was not being properly financially supported. Therefore, because Fraser did not have access to the funds in the account, the probate court ordered the hearing to determine what Fraser was doing to handle IL's expenses. Yet Fraser ignored this order. Fraser argues that he believed the hearing concerned the frozen account as it related to the audits for LeTissier's prior actions, and, therefore, his attendance was not necessary. This argument lacks merit. We fail to see how Fraser, as conservator, could justifiably believe that a hearing addressing the frozen bank account needed to provide for IL's welfare had nothing to do with him. Because it was essential that IL be properly provided for, the probate court did not abuse its discretion by removing Fraser based on his conduct; he failed to properly ask the probate court to lift the freeze and then demonstrated disregard for his duty to provide for IL's welfare by failing to attend the hearing.[4] The trial court did not abuse its discretion in finding good cause for Fraser's removal.[5]

---

[4] Fraser claims that the probate court used him as a scapegoat for its own error in freezing the account. He also argues the probate court removed him because of his efforts to disqualify the judge. But there is nothing in the record to suggest that the probate court's decision to remove Fraser was based on any animus or coverup. Instead, it is clear from the record that the probate court removed him after it became apparent that he had not been performing his duties properly.

[5] Fraser also argues on appeal that the probate court did not provide adequate notice of the hearing and denied him the opportunity to object to his removal. But, because Fraser did not object to the notice, appear at the hearing, or seek relief from the order removing him as conservator, these arguments are not preserved. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). We recognize that, recently, this Court has departed from the standard "raise or waive" appellate standard of review for unpreserved civil issues, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023); *In re Conservatorship of Murray*, 336 Mich App 234, 240-241; 970 NW2d 372 (2021), to a plain error standard for guardianship cases, *In re Guardianship of AMMB*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368915); slip op at 3. In *AMMB*, this Court reasoned that guardianship cases involve parties litigating someone else's rights, which rendered them more akin to termination-of-parental-rights cases or custody cases, in which we have imposed the plain error standard of review despite being civil in nature. *Id*. at ___; slip op at 2-3. Setting aside our question regarding whether such a comparison is inapt given that these cases often concern the interests of the guardian, not the interests of the ward, we decline to extend this review standard here, because *AMMB* explicitly limited its holding to guardianships. *Id*. at ___; slip op at 3. Accordingly, Fraser has waived his unpreserved allegations of error. *Tolas Oil & Gas Exploration Co*, 347 Mich App at 289-290; *In re Conservatorship of Murray*, 336 Mich App at 240-241.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense